## No. 9053.

### PAYNE *v.* THE PEOPLE.

ADMINISTRATOR'S SALE—*Effect.* An administrator's deed or bill of sale conveys only the title of his decedent. The maxim *caveat emptor* applies. In the absence of any special agreement as to the title, the purchaser must examine for himself.

One having a better title is at liberty to assert it in the courts, and in so doing is guilty of no contempt of the court which ordered the sale.

*Error to Prowers County Court, Hon. C. B. Thoman, Judge.*

Mr. W. B. GORDON and Messrs. GORDON & GORDON, for plaintiff in error.

Mr. J. C. HORN, for The People.

Mr. Justice Scott delivered the opinion of the court.

THIS action purports to be a proceeding in contempt against the plaintiff in error. R. B. Ray was the administrator of the estate of M. C. Turpin, deceased. After appraisement of the personal property and upon petition of the administrator the property was ordered to be and was sold.

This property so sold included a grain drill which was sold and delivered under said order to Roy C. Turpin. There is no question as to the regularity of these proceedings. Subsequent to the sale, the plaintiff in error instituted an action in replevin before a justice of the peace for the recovery of the drill. Judgment was rendered in his favor. Afterward the administrator upon petition and affidavit caused the plaintiff in error to be cited before the County Court upon a charge of contempt, the basis of the charge being the bringing of the action in replevin for recovery of the drill.

The cause was tried to a jury, who rendered a verdict finding the defendant guilty of contempt as charged in the complaint. The court thereupon entered the following remarkable judgment:

"It is hereby ordered, adjudged and decreed that J. A. Payne be and he is hereby held in contempt of this court; that no fine therefor, however, be imposed upon him, but he is hereby ordered to return said drill to the party from whom the same was unlawfully taken by said writ of replevin, and that he be held for the payment of all costs incurred by reason of said replevin and that execution issue therefor."

The defendant prior to the trial filed his motion to quash the citation upon the grounds that the court was without jurisdiction in the premises, and that the complaint and

affidavit were not sufficient in law to constitute a contempt of court.

Upon the face of the complaint it appears that the property had been sold and disposed of by order of the court, and that such property was not therefore at the time of the commencement of the action in replevin in the custody of the law.

It appears that the deceased Turpin had, prior to his death, purchased the drill from the plaintiff in error, giving a conditional sale or mortgage note, no part of which had been paid.

The only effect of an administrator's deed or bill of sale is to convey to the purchaser the title of the deceased. It can not contain any warranty of title. The notice was of probate sale. The rule of *caveat emptor* applies to such sales, and therefore, in the absence of any special agreement as to the title of the property sold, it is incumbent on the vendee to examine the title for himself.

The plaintiff in error under the state of facts presented had the right to try his claim of title in any court of competent jurisdiction.

There does not appear to be in this case any attempt to violate any rule or order of the court, nor does there appear any disobedience of its process. The motion to quash should have been sustained.

The judgment is reversed with instruction to dismiss the proceeding.

Hill, C. J., and Garrigues, J., concur.